UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Lizeht De La Torre,<br><br>   Plaintiff,<br><br>v.<br><br>Allied Data Corporation,<br><br>   Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## PARTIES

3. Plaintiff Lizeht De La Torre (hereinafter "Plaintiff") is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Allied Data Corporation (hereinafter "Defendant") is an Texas corporation doing business from the address of 13111 Westheimer Fourth Floor, Houston, TX 77077. Defendant is a collection agency that acts as a "debt collector," as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

5. Plaintiff allegedly incurred a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5) with an unknown entity, believed to be a personal credit card.

6. Defendant began calling Plaintiff starting September 2011.

7. Defendant's agents left six voice mail messages on Plaintiff's cellular telephone wherein they all failed to identify themselves as a collection agents and failed to provide Plaintiff with the mandated mini-Miranda warning that her communication was an attempt collect a debt and any information obtained would be used for that purpose, in violation of 15 U.S.C. §§ 1692d(6) and 1692e(11).

8. Specifically, Defendant and its agents contacted Plaintiff on the following dates:
   - 9.22.11
   - 9.28.11
   - 10.11.11
   - 10.17.11
   - 10.19.11
   - 11.1.11

9. That during several of the messages left, Defendant's agents, stated that they were calling regarding a potential "legal matter" that has been "filed against you in Ramsey County," it was "extremely urgent" that Plaintiff return the call, need to work together without having to deal with the "client," it was "imperative" that Plaintiff call, "time sensitive legal matter," case against Plaintiff with "file

12860663", and also if Defendant did not hear back from Plaintiff that Defendant would be forced to "forward her file onto their attorney," in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

10. Defendant's agent's threats scared and upset Plaintiff causing her anxiety, emotional distress and mental anguish.

11. As of the date of the filing of this complaint Defendant has not, upon information and belief, caused to be sued Plaintiff.

12. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for her actual damages, statutory damages, costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

13. Plaintiff is entitled to and hereby demands a trial by jury.  *US Const. amend. 7. Fed. R. Civ. Pro. 38.*

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

## INVASION OF PRIVACY

16. Plaintiff incorporates by reference all foregoing paragraphs as though fully stated herein.

17. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff when it continued to communicate with her concerning a debt in a threatening and invasive manner.

18. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns or affairs.

19. The intrusions by Defendant occurred in ways that were highly offensive and would be highly offensive to a reasonable person in Plaintiff's position.

20. As a result of Defendant's conduct, Plaintiff suffered emotional distress and out-of-pocket expenses in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

a) That an order be entered declaring that Defendant's actions as described above are in violation of the FDCPA;
b) That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
d) That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

e) An award for actual and compensatory damages for invasion of privacy against Defendant in an amount to be determined at trial; and

f) That the Court grants such other and further relief as may be just and proper.

Dated this 22nd day of February, 2012.

            By:s/Thomas J. Lyons_____
            Thomas J. Lyons, Esq.
            Attorney I.D. #:  1019127
            367 Commerce Court
            Vadnais Heights, MN  55127
            Telephone:  (651) 770-9707
            Facsimile:  (651) 770-5830
            tlyons@lyonslawfirm.com

            ATTORNEY FOR PLAINTIFF

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )
                                   ) ss
COUNTY OF RAMSEY )

Lizeht De La Torre, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                         Lizeht De La Torre
                                                         Lizeht De La Torre

Subscribed and sworn to before me
this 9th day of February, 2012.


s/Thomas J. Lyons
Notary Public